Benjamin Bbenneb, J.
The defendant, a lady now past 50 years of age, asks leave of the court to marry, her fourth venture into matrimony. She married twice outside of this State after her first husband procured a final decree of divorce in this State in 1945 because of her adultery, in which decree she was forbidden to remarry until the death of the plaintiff. She apparently defied the court when she married her second husband in Connecticut little more than two years after the decree was entered against her. The latter marriage ended in a decree of annulment procured in Queens County, less than four years later. She again ignored the decree of this court when she married her third husband in North Carolina a few days following the said annulment and that third marriage was also terminated some four years later by a decree of divorce, again procured in this State, this time in Bronx County. It will be noticed that unlike others who marry here and procure their marriage dissolutions elsewhere, this defendant repeatedly sought the aid of the courts of this State to dissolve marriages she casually entered into in other States. However, she now seeks perpetual marital bliss through a marriage in this State, hence the request to modify the initial decree of 1945 which forbade it.
The question is whether, by defendant’s past conduct, she has shown herself to be a person of “ uniformly good conduct ” as required by section 8 of the Domestic Relations Law to entitle her to the aid of the court. She surely did not conduct herself in an upright manner on the two occasions when she flouted the court’s prohibition against remarriage. It is even doubtful whether she brought the fact of such defiance to the attention of the authorities in the States where she remarried. For aught that appears she may not even have disclosed her prior marriages in her application for licenses — all of which, if established, would be reason enough to reject the modification requested (Spinks v. Spinks, 43 N. Y. S. 2d 418).
As I conceive section 8 of the Domestic Relations Law, it prohibits remarriage anywhere during the lifetime of the complainant except on modification of the order of the court following a period of at least three years from the date of the decree. Not only did she not wait the required three-year period when she entered into her second marriage during the lifetime of the plaintiff but she sought no permission of the court on the occasion of either one of both subsequent marriages. Doubtless the requirement of “ uniformly good conduct ” is in the public interest, it being a matter of public policy to promote the sanctity *719 of marriage by prevention of promiscuous remarriages. Though the statute conditions consent for remarriage thereon, the Legislature surely could not have meant that permission to remarry must be denied to all but to those of good moral character but rather to those who show that their activities are such as to break down the institution of marriage. Thus, I should not concern myself with an inquiry into the defendant’s morality, particularly as she attaches to her application a Latin document signed by the Chancery of her church which declares the dissolution of her three prior marriages and indicates that as of April 11, 1961 she was free to marry in her church.
The defendant (since her adulterous behavior during her first marriage) may indeed have had scruples about having relationships with men except with those to whom she be tied by bonds of matrimony even if the marriage ceremonies be without leave of this court. In this regard one might suspect that her motivation and conduct were good even if by the method of formal marriage she might continuously lay a basis for subsequent support. And, provided she does not molest an already married man, she may, through successive marriages, conceivably promote the institution of marriage. So, even if this defendant does not deserve the sympathy of the court, she has met the statutory prerequisite to have been of uniformly good conduct, particularly since July, 1955, a period of almost six years, when she terminated her last marriage. She has, through church action and corroborating affidavits, shown that she conducted herself in accordance with the requirement of the section. She will therefore be permitted to enter into what I trust will be a lasting marriage, for which she has my every blessing.
The petition is granted and the order signed.